# CIRCUIT COURT OF LOUDOUN COUNTY

Patricia Hutchison

v.

Gabriel Hagadone,
d/b/a Cornerstone Builders

March 13, 2009

Case No. (Civil) 50684

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on February 6, 2009, for argument on the Motion to Strike Plaintiff's Expert Witness Designation filed on January 13, 2009, by the Defendant, Gabriel Hagadone, and on the Opposition to Defendant's Motion to Strike Plaintiff's Expert Witness Designation and Motion for Sanctions filed January 29, 2009.

After considering counsel's arguments on February 6, 2009, the Defendant's Motion to Strike Plaintiff's Expert Witness Designation was denied because there was no basis in law to warrant granting such a motion. There is a faxed copy of an order to this effect in the court file, but the original does not appear to have been forwarded to the Court for entry. I trust the original will be submitted promptly.

The Plaintiff's Motion for Sanctions was taken under advisement.

For the reasons hereinafter set forth, the Motion for Sanctions is granted and the Plaintiff is awarded the sum of $420.00 in attorney's fees and costs.

The Plaintiff's Motion for Sanctions contains two grounds. First, she asserts that the Defendant's Motion was not well-grounded in fact or warranted by existing law and asks for sanctions pursuant to Va. Code § 8.01-

271.1. Secondly, she argues that the Defendant violated Rule 4:15 in filing his Motion because his counsel failed to certify that he had in good faith conferred or attempted to confer with Plaintiff's counsel in an effort to resolve the dispute without court action. She also alleges that Defendant's counsel did not confer or attempt to confer with her counsel prior to filing his motion.

The Rule 4:15 violation is considered first. This Rule clearly requires counsel to make a reasonable effort to confer *before* giving notice of a motion. The Defendant offers nothing in his Response to Plaintiff's Motion for Sanctions filed February 5, 2009, or in his argument on February 6, 2009, that tends to show that his counsel even tried to confer with Plaintiff's counsel before the Motion to Strike Plaintiff's Expert Witness Designation was filed. Additionally, there is no certification as required by Rule 4:15 in either the motion or the praecipe setting the motion for February 6, 2009, that Defendant's counsel had in good faith conferred or attempted to confer with counsel for the Plaintiff in an effort to resolve the dispute without court action.

The Defendant clearly violated the aforesaid requirements of Rule 4:15 before he filed his Motion to Strike Plaintiff's Expert Witness Designation. Attempting to confer *after* giving notice of a motion does not comply with the Rule's requirements.

If counsel violates the reasonable effort to confer and certification requirements of Rule 4:15, then the appropriate remedy is to move the Court to deny the motion for failure to follow the Rule or to ask the Court not to hear the motion until the Rule's requirements are satisfied. I think the latter is the more appropriate way to handle such a violation.

However, in this case, Plaintiff's counsel filed an opposition to the merits of the Defendant's motion and argued against it on February 6, 2009. Despite the failure of counsel for the Defendant to follow the requirements of Rule 4:15 in filing and noticing a motion, counsel for the Plaintiff agreed to let the Court hear Defendant's motion. By doing so, I find that the Plaintiff waived any argument or claim that Defendant's counsel should be sanctioned for the Rule 4:15 violation.

Accordingly, no sanctions are awarded for the Rule 4:15 violation.

But this does not end the matter. The Plaintiff clearly did not waive any claim for sanctions under Va. Code § 8.01-271.1 by opposing and arguing against the Defendant's motion.

In the Defendant's Motion to Strike Plaintiff's Expert Witness Designation, he asked the Court to strike all or part of the testimony of the five experts designated by the Plaintiff because (1) such testimony would be repetitious and delay the proceedings and (2) it would be unduly burdensome to depose five duplicate witnesses. The Plaintiff asserted in her opposition that

all five expert witnesses would also be fact witnesses as well as may be needed to rebut experts called by the Defendant. There is no authority to strike all or part of an expert's testimony during the discovery phase merely because the expert's testimony may be repetitious or duplicative.

The Defendant attempted to take an evidentiary rule applicable at trial and apply it to discovery when there is no authority to do so. Also, a party cannot make an unduly burdensome argument in having to depose multiple experts when there is no duty on a party to depose any expert.

For the foregoing reasons, I find that the Defendant's Motion to Strike Plaintiff's Expert Witness Designation was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, in violation of Va. Code § 8.01-271.1.

Plaintiff's counsel filed an affidavit on February 6, 2009, of attorney's fees of $540.00 and paralegal costs of $300.00 relating to the issues involved herein. I find that a reasonable attorney's fee and costs for the sanction under § 8.01-271.1 to be one-half of the amount claimed, considering my finding that the Plaintiff waived the Rule 4:15 violation.